**Donald E. PAYDON, Petitioner,**

v.

**Kathleen HAWK, Director, Bureau of Prisons, Respondent.**

Civil Action No. 96–1926.

United States District Court, D. New Jersey.

April 9, 1997.

Donald E. Paydon, Fort Dix, NJ, pro se.

Faith S. Hochberg, United States Attorney, James B. Clark, III, Assistant United States Attorney, Trenton, NJ, Darrin Howard, Attorney Advisor, Fort Dix, NJ, for Respondent.[1]

## OPINION

ORLOFSKY, District Judge:

*Pro se* Petitioner, Donald E. Paydon, has filed an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241,[2] alleging that the United States Bureau of Prisons ("BOP"), in classifying his offense of possession of a firearm by a convicted felon, pursuant to 18 U.S.C. § 922(g)(1), a "crime of

---

1. Petitioner has named Kathleen Hawk, Director, Bureau of Prisons, as the Respondent in this action. However, the only proper respondent in an action for a writ of habeas corpus is the Warden where the petitioner is housed. *See Ex parte Endo*, 323 U.S. 283, 306, 65 S.Ct. 208, 220, 89 L.Ed. 243 (1944); *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir.1994). Accordingly, John Hurley, the Warden of F.C.I. Fort Dix, will be substituted as the proper respondent in this action.

2. 28 U.S.C. § 2241 provides in relevant part that "[w]rits of habeas corpus may be granted by the Supreme Court, any·justice thereof, the district courts and any circuit judge within their respective jurisdictions [in a case where a prisoner] ... is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

violence" within the meaning of 18 U.S.C. § 924(c)(3), improperly denied him eligibility for a reduction in sentence pursuant to 18 U.S.C. § 3621(e)(2)(B), and denied him his right to due process of law and equal protection.

The issue presented by Petitioner's application is whether the BOP's determination that the offense of which he was convicted, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), is a "crime of violence," within the meaning of § 924(c)(3), and therefore not a "nonviolent offense" under § 3621(e)(2)(B), is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *See* 5 U.S.C. § 706(2)(a). For the reasons that follow, this Court finds that the BOP acted within its discretion in classifying the offense of possession of a firearm by a convicted felon a "crime of violence," and that the Petitioner does not have a federally or constitutionally protected right to eligibility for early release upon completion of a drug treatment program. Accordingly, Petitioner's application for a writ of habeas corpus will be denied.

## I. Facts and Procedural History

Petitioner is currently serving a fifty-one month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), at the Federal Correctional Institution ("FCI"), Fort Dix, New Jersey. His projected release date is July 17, 1998, based upon the receipt of "good time" credit pursuant to 18 U.S.C. § 3624(b). The BOP has determined that Petitioner's offense of possession of a firearm by a convicted felon does not qualify as a "nonviolent offense" under 18 U.S.C. § 3621, which, *inter alia,* permits the BOP to reduce the period of custody for an inmate who completes a qualifying drug abuse treatment program.

On April 24, 1996, Petitioner commenced this action by filing a complaint pursuant to 28 U.S.C. §§ 1331, 1343, alleging that the Respondent's failure to classify his offense as a nonviolent offense under § 3621(e)(2)(B) violated his rights under federal law and the United States Constitution.[3] By order dated June 26, 1996, this Court ordered that Petitioner's complaint be construed as an application for a writ of habeas corpus.

## II. Discussion

Habeas relief under 28 U.S.C. § 2241 is reserved for prisoners who are in custody in violation of the laws or the Constitution of the United States. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Barden v. Keohane,* 921 F.2d 476, 481–82 (3d Cir.1990). Petitioner argues that he is entitled to such relief because the BOP's classification of his offense, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), as a crime of violence violates federal law and the United States Constitution.

Pursuant to the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA"), Congress vested the BOP with the authority to reduce "the period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program ... but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). While the statute, itself, does not define which offenses qualify as "nonviolent" offenses, the BOP regulations promulgated thereunder adopt the definition of "crime of violence" contained in 18 U.S.C. § 924(c)(3),[4] for the purpose of determining which offenses do not qualify as "nonviolent" offenses

---

**3.** Although Petitioner concedes in his reply brief that he has withdrawn from a qualifying drug treatment program, his claims are not moot since this Court's determination of whether the BOP may classify his offense as a crime of violence nonetheless impacts on whether Petitioner would be eligible for a reduction in sentence under § 3621(e)(2)(B) should he complete such a drug treatment program in the future.

**4.** Section § 924(c)(3) provides that the term "crime of violence" means an offense that is a felony and -
   (a) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
   18 U.S.C. § 924(c)(3).

under § 3621(e)(2)(B). *See* 28 C.F.R. § 550.58.[5] In addition, Program Statement 5162.02 of the Bureau of Prisons lists numerous offenses and categorizes them as either crimes of violence in all cases or crimes of violence depending on the facts in a particular case for purposes of § 3621. See Respondent's Brief, Ex.E. The BOP's Program Statement lists a violation of § 922(g)(1) as a crime of violence in all cases. *Id.* Petitioner contends that the BOP improperly considers the offense of which he was convicted, possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), a "crime of violence," within the meaning of § 924(c)(3), and therefore not a "nonviolent offense" under § 3621(e)(2)(B).

■ This Court does not review BOP decisions *de novo*. Indeed, pursuant to the Administrative Procedure Act ("APA"), this Court's review of such BOP classification decisions is limited to whether the decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(a); *Chevron U.S.A. Inc. v. Natural Resources Defense Council Inc.*, 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984).

Thus, only if the BOP's decisions to employ the definition of "crime of violence" contained in § 924(c)(3), for the purpose of determining whether a prisoner has been "convicted of a nonviolent offense" under § 3621(e)(2)(B), and to classify the Petitioner's offense of possession of a firearm by a convicted felon as a "crime of violence" under § 924(c)(3), are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," *see* 5 U.S.C. § 706(2)(a), may this Court interfere with the BOP's classification.

■ As a threshold matter, it is clear that the BOP's decision to employ the definition of "crime of violence" contained in § 924(c)(3) for the purpose of determining whether a prisoner has been "convicted of a nonviolent offense" under § 3621(e)(2)(B) is not arbitrary. Moreover, I find that "it is reasonable for the BOP to define a nonviolent offender

as someone who has not committed a crime of violence." *See Crooker v. Morris*, No. 95–2820, 1996 WL 608553, *2 (D.N.J. Oct.17, 1996). Indeed, the validity of 28 C.F.R. § 550.58, the BOP's regulation prescribing the use of the definition of "crime of violence" contained in § 924(c)(3), for the purpose of determining whether a prisoner has been "convicted of a nonviolent offense" under § 3621(e)(2)(B), has been upheld by each of the courts to consider the issue. *See, e.g., Davis v. Crabtree*, 109 F.3d 566 (9th Cir. 1997); *Downey v. Crabtree*, 100 F.3d 662 (9th Cir.1996); *Fonner v. Thompson*, 955 F.Supp. 638 (N.D.W.Va.1997); *Piccolo v. Lansing*, 939 F.Supp. 319 (D.N.J.1996); *Crooker*, 1996 WL 608553; *Litman v. Morris*, No. 96–1207 (D.N.J. July 31, 1996), *aff'd* 107 F.3d 7 (3d Cir.1997); *Fernandez v. Lansing*, No. 96–6000 (D.N.J. July 31, 1996), *aff'd* 107 F.3d 7 (3d Cir.1997); *Sesler v. Pitzer*, 926 F.Supp. 130 (D.Minn.1996).

■ Having concluded that it is proper for the BOP to use the definition of "crime of violence" contained in § 924(c)(3) for the purpose of determining whether a prisoner has been "convicted of a nonviolent offense" under § 3621(e)(2)(B), this Court must now consider whether the BOP's determination that a violation of § 922(g)(1) is a "crime of violence" within the meaning of § 924(c)(3), is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *See* 5 U.S.C. § 706(2)(a).

All of the district courts within this Circuit which have considered this precise issue have concluded that the BOP neither acts in an arbitrary or capricious manner, nor abuses its discretion, nor violates any federal law by classifying a violation of § 922(g)(1) as a crime of violence within the meaning of § 924(c)(3). *See Piccolo*, 939 F.Supp. 319; *Crooker*, 1996 WL 608553; *Litman*, No. 96–1207 (D.N.J. July 31, 1996). In each of these cases, the court concluded that, in light of the fact that "[t]he Third Circuit has not decided whether possession of a weapon by a felon is a crime of violence under 18 U.S.C.

---

5. 28 C.F.R. § 550.58 provides that "inmates whose current offense is determined to be a crime of violence as defined in 18 U.S.C.

§ 924(c)(3)" are not eligible for early release notwithstanding their enrollment in a qualifying drug treatment program.

§ 924(c)(3)," a BOP "determination that felon in possession of a weapon is not a 'nonviolent offense' under 18 U.S.C. § 3621(e)(2)(B) is within the discretion Congress gave the Bureau for the administration of the residential treatment program." *Piccolo,* 939 F.Supp. at 320–21.

The Ninth Circuit's decisions to the contrary in *Davis,* 109 F.3d 566, and *Downey,* 100 F.3d 662, are not controlling in the instant case. In both of these cases, the court concluded that, although the BOP "has broad discretion to adopt any reasonable definition of 'nonviolent offense' under § 3621(e)(2)(B)," *Downey,* 100 F.3d at 666, once the BOP adopts § 924(c)(3)'s definition of crime of violence in determining whether an offense is a "nonviolent offense" under 18 U.S.C. § 3621(e)(2)(B), the BOP is bound by that Circuit's interpretation of § 924(c)(3). Accordingly, the *Davis* and *Downey* courts concluded that, because the Ninth Circuit had explicitly held "that possession of a firearm by a felon is not a 'crime of violence' under § 924(c)," *see United States v. Canon,* 993 F.2d 1439 (9th Cir.1993), the BOP's determination that the possession of a firearm by a convicted felon in violation of § 922(g)(1) was a crime of violence under § 924(c) was contrary to the "well-established" law of that Circuit. *Davis,* 109 F.3d 566, 568–69; *Downey,* 100 F.3d at 667.

In contrast, because the "Third Circuit has not decided whether possession of a weapon by a felon is a crime of violence under 18 U.S.C. § 924(c)(3)," *see Piccolo,* 939 F.Supp. at 320, a determination by the BOP that a violation of § 922(g)(1) is a crime of violence under § 924(c) is not contrary to any "well-established" law in this Circuit. *See id.* (concluding that the caselaw in this Circuit does not compel the same conclusion reached by the courts in the Ninth Circuit). Indeed, the Third Circuit has affirmed the district court's decision in *Litman,* in which Judge Rodriguez explicitly held that the determination that "a conviction under 18 U.S.C. § 922(g)(1) constitutes a 'crime of violence' [within the meaning of § 924(c) ] is within the discretion of the Bureau of Prisons." *Litman v. Morris,* No. 96–1207, slip op. at 6, *aff'd* 107 F.3d 7 (3d Cir.1997). For these reasons, in light of the very deferential legal standard of review which this Court must apply to BOP decisions, I will uphold the BOP's determination that a violation of § 922(g) is a "crime of violence" under § 924(c), and thus does not qualify as a "nonviolent offense," within the meaning of 18 U.S.C. § 3621(e)(2)(B).

■ Moreover, even if a violation of § 922(g)(1) did qualify as a "nonviolent" offense under § 3621(e)(2)(B), the statute by its own terms, does not *require* that the BOP reduce the sentence of prisoners who are convicted of "nonviolent" offenses and successfully complete a qualifying drug treatment program. The terms of § 3621(e)(2)(B) simply state that such a prisoner's sentence "may be reduced by the Bureau of Prisons." Thus, the statute merely *authorizes* a reduction in sentence, and in no way *mandates* it. Accordingly, it is clear that Petitioner has no "liberty interest" in a reduction in sentence under § 3621(e)(2)(B) even if his offense is "nonviolent," if and when he should complete a qualifying drug treatment program. *See Sandin v. Conner,* 515 U.S. 472, ——, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995) (liberty interest infringed upon only where the government's action creates an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment"); *Kentucky Dept. of Corrections,* 490 U.S. at 461, 109 S.Ct. at 1908–09 (liberty interest arises only where a statute or regulation uses "explicitly mandatory language" that instructs the decisionmaker to reach a specific result if certain criteria are met). *See also Piccolo,* 939 F.Supp. at 320 (no liberty interest created by § 3621(e)(2)(B)); *Crooker,* 1996 WL 608553 (same); *Hillstrom v. Morris,* No. 96–3192, 1996 WL 568842 (D.N.J. Oct.3, 1996) (same); *Litman,* No. 96–1207 (D.N.J. July 31, 1996) (same); *Fernandez v. Lansing,* No. 96–6000 (D.N.J. July 31, 1996) ("[c]learly, the United States Constitution does not create a liberty interest in a prisoner receiving a reduced sentence for completion of a drug rehabilitation program"); *Sesler,* 926 F.Supp. at 133.

■ Nor can Petitioner assert that the BOP's decision to classify Petitioner's offense

as a crime of violence violates his right to equal protection. While "inmates are protected by the Equal Protection Clause of the Fourteenth Amendment," *see Hluchan v. Fauver*, 480 F.Supp. 103, 109 (D.N.J.1979) (citing *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir.1978), *cert. denied*, 439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82 (1979)), the "treatment of prisoners is not subject to strict judicial scrutiny." *Id.* "The Fourteenth Amendment's promise that no person shall be denied the equal protection of the laws must co-exist with the practical necessity that most legislation classifies for one purpose or another, with resulting disadvantage to various groups or persons." *Romer v. Evans*, —— U.S. ——, ——, 116 S.Ct. 1620, 1627, 134 L.Ed.2d 855 (1996). Unless an action targets a suspect class, a legislative classification will be upheld "so long as it bears a rational relation to some legitimate end." *Id.*

■ Therefore, in order to pass constitutional muster, the BOP's decision to exclude any prisoner who has been convicted of a crime of violence within the meaning of § 924 from eligibility for a reduction in sentence under § 3621 must merely bear "some rational relation to some legitimate end." *Romer*, —— U.S. at ——, 116 S.Ct. at 1627. *See also Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987) (prison regulation "is valid if it is reasonably related to legitimate penological interests"). Obviously, such a decision is clearly rationally related to the legitimate interests of the BOP.

■ Accordingly, I find that the BOP, in classifying a violation of § 922(g)(1) a "crime of violence" under § 924, thus rendering Petitioner ineligible for a reduction in sentence pursuant to § 3621(e)(2)(B), acted well within its discretion, and did not violate the Petitioner's constitutional right to due process or equal protection. Because the Petitioner has failed to state a viable federal or constitutional claim, his request for habeas relief under. 28 U.S.C. § 2241 will be denied.[6]

This Court will enter an appropriate order.

## ORDER

■ This matter having come before the Court on the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Petitioner, Donald E. Paydon, appearing *pro se*, and Faith S. Hochberg, Esq., United States Attorney, James B. Clark, III, Esq., Assistant United States Attorney, and Darrin Howard, Esq., Attorney Advisor, FCI Fort Dix, appearing on behalf of Respondent; and,

The Court, having considered the written submissions of the parties filed in support of, and in opposition to the Petition;

For the reasons set forth in this Court's Opinion filed concurrently with this Order;

IT IS HEREBY ORDERED on this 9th day of April, 1997, that Donald E. Paydon's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is DENIED; and,

IT IS FURTHER ORDERED that the Presentence Investigation Report, Exhibit C to Attachment 1 of Respondent's Answer to the Petition for a Writ of Habeas Corpus, is sealed until further order of this Court.

---

**6.** Petitioner's claim that the Violent Crime Control and Law Enforcement Act ("VCCLEA") of 1994 violates the *Ex Post Facto* Clause of the United States Constitution, is wholly without merit. The *Ex Post Facto* Clause prohibits legislatures from retroactively altering the definition of crimes or increasing punishments. *See Collins v. Youngblood*, 497 U.S. 37, 42, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990). The VCCLEA, however, merely confers additional benefits to certain inmates as an incentive for participating in drug treatment and rehabilitation programs. Indeed, § 3621(e)(2)(B) is entitled "Incentive for prisoners' successful completion of treatment program." The Act is no way redefines any crime, increases any punishment, or in any way deprives Petitioner of any rights which he had prior to its enactment.