151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Daniel MINNEMA, Petitioner-Appellant,
v.
Percy PITZER, Respondent-Appellee.
 No. 97-3659.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 14, 1998.*
Decided May 15, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 97-C-0550-S, John C. Shabaz, Chief Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Daniel Minnema was convicted of bank robbery under 18 U.S.C. § 2113(a) and was sentenced to seventy-three months' imprisonment, subsequently reduced to sixty-five months' imprisonment. In March 1996, Minnema enrolled in the Residential Drug Abuse Treatment Program and was advised by the program staff that he would be eligible for early release under 18 U.S.C. § 3621(e) upon successful completion of the program. In May 1996, however, the program staff advised Minnema that he no longer was eligible for early release because Bureau of Prisons Change Notice 01 ("CN-01") to Program Statement 5162.02 stated that all bank robbery offenses should be considered violent offenses, and only prisoners convicted of nonviolent offenses are eligible for early release. After successfully completing the drug treatment program, Minnema sought a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that the application of CN-01 to prevent his early release under § 3621(e) violated the Ex Post Facto Clause of the Constitution and that all bank robbery offenses should not be considered crimes of violence. The district court denied Minnema's petition and he appeals. We affirm.
 
 
 2
 Under § 3621(e)(2)(B), "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner otherwise must serve." (Emphasis added). Section 3621(e)(2)(B) does not define which offenses qualify as "nonviolent" offenses for the purpose of determining which prisoners may be eligible for early release upon successful completion of a drug treatment program. However, Program Statement 5162.02 of the Bureau of Prisons ("BOP") lists numerous offenses and categorizes them as either violent crimes in all cases or violent crimes depending on the facts of the particular case. Prior to the enactment of CN-01 on April 23, 1996, Program Statement 5162.02 stated that bank robbery may or may not be a violent crime depending on the "specific offense characteristics." The BOP issued CN-01 to clarify the definition of "crimes of violence," as used in Program Statement 5162.02, and to specify that the offense of bank robbery should always be considered a crime of violence because "the offense involves an explicit or implicit threat of force and thus has as an element the 'threatened use of physical force against the person or property of another.' " CN-01 (citing 18 U.S.C. § 924(c)(3)).
 
 
 3
 Minnema argues on appeal that his eligibility for early release should be determined by the BOP policy in effect at the time he enrolled in the drug treatment program, not by the policy adopted after he already was in the program. He contends, based on the program staff's initial determination that he was "provisionally eligible," that he had an expectation that he would received a one-year sentence reduction as long as he met the criteria set forth in the regulations existing at the time he entered the program. Relying on the absence of language in the regulations indicating that they were subject to change or that the BOP could withdraw his eligibility, Minnema claims that even though the eligibility determination was provisional, he did not expect this conditional status to be altered by new BOP policy. Minnema further argues that nothing in CN-01 provides for its retroactive application.
 
 
 4
 In support of his arguments, Minnema cites to the Ninth Circuit case Cort v. Crabtree, 113 F.3d 1081 (9th Cir.1997), which the district court below considered and specifically declined to follow. In Cort, the Ninth Circuit held that the BOP could not apply CN-01 to deny early release to a prisoner who had entered a treatment program or had received a favorable eligibility notice prior to its date of issuance and whose presentence report indicated that the prisoner's crime of conviction was nonviolent. See Furguiel v. Benov, 138 F.3d 798, 800 n. 9 (9th Cir.1998). Rejecting the reasoning in Cort that an inmate enrolled in a treatment program has a "settled expectation" of eligibility, the district court held that Minnema did not have a vested interest in early release because sentence reduction is predicated upon completion of the program. The district court thus concluded that the BOP did not abuse its discretion in determining that Minnema's crime of conviction was a violent offense and that he was not entitled to a sentence reduction under § 3621(e)(2)(B).
 
 
 5
 The district court did not err in finding that Minnema had no right or settled expectation to a sentence reduction under § 3621(e)(2)(B), even prior to the issuance of CN-01. Clemente v. Allen, 120 F.3d 703, 705 (7th Cir.1997) (We review the district court's legal conclusions de novo in the denial of a § 2241 petition .). Under § 3621(e)(2)(B), the BOP has full discretion to grant or deny a sentence reduction following completion of a drug treatment program by an inmate convicted of a nonviolent offense. Mere eligibility to be considered for a sentence reduction under § 3621 "does not require the Bureau to grant the boon [the prisoner] seeks. Eligibility is not entitlement." Bush v. Pitzer, 133 F.3d 455, 457 (7th Cir.1997). The BOP "has the discretion to distinguish among statutorily 'eligible' prisoners on sensible grounds." Id. at 458. Merely enrolling in the drug treatment program did not "entitle" Minnema to a sentence reduction. Minnema was required to complete the program in order to receive the sentence reduction and, thus, did not have a vested interest in early release at the time he began the drug treatment program.
 
 
 6
 The application of CN-01 to the determination of Minnema's eligibility for early release under § 3621(e)(2)(B) does not violate the Ex Post Facto Clause of the Constitution. There can be no violation of the Ex Post Facto Clause where the legal consequences of Minnema's crime of bank robbery were the same when he committed the crime as they are today. See California Dep't of Corrections v. Morales, 514 U.S. 499, 504, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995); Collins v. Youngblood, 497 U.S. 37, 43, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). In order for a law to be ex post facto, the law "must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). Section 3621(e) does not alter the definition of a crime or increase a punishment; instead, it merely confers an additional benefit to certain prisoners as an incentive for participating in a treatment program. Paydon v. Hawk, 960 F.Supp. 867, 872 n. 6 (D.N.J.1997). Section 3621(e)(2)(B) "[i]n no way redefines any crime, increases any punishment, or in any way deprives Petitioner of any rights which he had prior to its enactment." Id. Nor did CN-01 deprive Minnema of any rights which he had prior to its issuance. CN-01 was enacted to clarify the application of § 3621(e)(2)(B), and "[i]t is no more retroactive in its operation than is a judicial determination construing and applying a statute to a case in hand." Pope v. Shalala, 998 F.2d 473, 483 (7th Cir.1993) (quoting Manhattan Gen. Equip. Co. v. Commissioner, 297 U.S. 129, 135, 56 S.Ct. 397, 80 L.Ed. 528 (1936)).
 
 
 7
 Minnema next argues that not all bank robbery convictions under § 2113(a) are crimes of violence. He argues that because § 2113(a) defines bank robberies as being accomplished either by force and violence or by intimidation, intimidation is not violence, particularly where no threats are made. This argument is without merit. We find the BOP did not abuse its discretion in classifying all bank robberies as violent offenses for the purposes of § 3621(e)(2)(B). See 5 U.S.C. § 706(2)(a); Reno v. Koray, 515 U.S. 50, 61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (the BOP's classification decisions are entitled to some deference). This court has stated that in order to qualify as "intimidation" under § 2113(a), the conduct must constitute a threat. United States v. Smith, 131 F.3d 685, 688 (7th Cir.1997) (citing United States v. Jones, 932 F.2d 624, 625 (7th Cir.1991)). According to the minimal information in the record regarding Minnema's crime, the bank teller stated that the robbery made her "very nervous" and that Minnema apologized for "scaring the tellers." "Defendant's conduct will be deemed to be a threat if it was calculated to create the impression that any resistance by the teller would be met with physical force by the defendant against the person of another." Id.
 
 
 8
 For the first time on appeal, Minnema also raises the argument that the BOP's denial of his early release breached an existing contract between them. According to Minnema, the BOP offered to award him a one-year sentence reduction if he successfully completed the drug treatment program and met the criteria set forth in the then-existing policy, and he accepted the offer by entering into the program. Because Minnema failed to raise this argument to the district court, it is waived. Hightshue v. AIG Life Ins. Co., 135 F.3d 1144, 1149 (7th Cir.1998). Even if we considered Minnema's assertions, § 3621 does not create any contractual rights. See Miller v. Henman, 804 F.2d 421, 426 (7th Cir.1986); see also National R.R. Passenger Corp. v. Atchison, Topeka and Santa Fe Ry. Co., 470 U.S. 451, 465-66, 105 S.Ct. 1441, 84 L.Ed.2d 432 (1985) ("[A]bsent some clear indication that the legislature intends to bind itself contractually, the presumption is that a 'law is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the legislature shall ordain otherwise.' ") (citations omitted).
 
 
 9
 Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)