**Willie THOMAS, Plaintiff,**

v.

**PHILADELPHIA HOUSING AUTHORITY, et al., Defendants.**

**Civ. A. No. 94–2413.**

United States District Court, E.D. Pennsylvania.

Feb. 6, 1995.

Michael Donahue, Community Legal Services, Inc., Philadelphia, PA, for plaintiff.

Michael Pileggi, Philadelphia Housing Authority, Philadelphia, PA, for defendants.

### MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Plaintiff Willie Thomas has moved for a stay of his forthcoming eviction from a public

housing unit pending appeal of this Court's Order of December 23, 1994. In granting summary judgment in favor of the defendants, the Philadelphia Housing Authority and certain named managers of that entity ("PHA"), the Court concluded that PHA's decision that plaintiff did not qualify as a remaining member of a tenant family previously headed by his mother did not violate plaintiff's right to due process or the Department of Housing and Urban Development's applicable regulations.

A request for a stay is addressed to the sound discretion of the Court. *Evans v. Buchanan,* 424 F.Supp. 875, 879–80 (D.Del. 1976) (citing *Coppedge v. Franklin County Bd. of Educ.,* 293 F.Supp. 356, 362 (E.D.N.C. 1968)), *aff'd as modified,* 555 F.2d 373 (3d Cir.), *cert. denied sub nom. Newark Sch. Dist. v. Evans,* 434 U.S. 880, 98 S.Ct. 235, 54 L.Ed.2d 160 (1977); *see also* Fed.R.Civ.P. 62(c). The factors which will inform the Court's discretion are whether: (1) the movant is likely to succeed on the merits of his appeal; (2) the movant will suffer irreparable harm if the stay is not granted; (3) third parties will not be harmed by the stay; and (4) the public interest will be served. *Harris v. Pernsley,* 654 F.Supp. 1057, 1059 (E.D.Pa. 1987) (denying a stay pending appeal in a § 1983 action after balancing relevant factors).

The first two factors are in equipoise. While the Court is once again persuaded that plaintiff's position is not sound and that he is not likely to prevail on appeal, the Court accepts for purposes of this motion, that plaintiff is without the financial resources to obtain private housing and that he will suffer substantial harm by being forced to vacate the premises. Considerations of the third and fourth factors, however, i.e., the public interest and harm to third parties which would be caused by the granting of the stay, decisively tilt the scales against the request for a stay. The public policy of the United States is to assist local governmental units "to remedy . . . the acute shortage of decent, safe, and sanitary dwellings for families of lower income." United States Housing Act, tit. I, § 2, 42 U.S.C.A. § 1437 (West Supp. 1993). It is undisputed that the demands for public housing in the City of Philadelphia by *qualified* applicants far exceed the number of units available to PHA to fulfill these requests. Therefore, to the extent that a needy but *unqualified* candidate such as the plaintiff holds over as an illegal tenant pending appeal, the effect is to deprive equally needy *qualified* applicants currently awaiting assignment of an available housing unit of access to public housing and to undermine the stated purpose of the United States Housing Act.

Balancing these factors and in light of the equities present, the Court concludes that the plaintiff has not met his burden of showing an entitlement to a stay pending appeal.

An appropriate Order will be entered.

### ORDER

**AND NOW,** this 3rd day of February, 1995, upon consideration of the Motion by Plaintiff Willie Thomas for Stay Pending Appeal (Doc. No. 32) and the defendants' response thereto (Doc. No. 33), **IT IS ORDERED** that the motion is **DENIED.**