**Robert C. STIVER,**

v.

**Warden James MEKO, Robert Stiver, Appellant.**

**No. 96–3400.**

United States Court of Appeals, Third Circuit.

Argued Sept. 23, 1997.

Decided Nov. 28, 1997.

Karen S. Gerlach (Argued) Office of Federal Public Defender, Pittsburgh, PA, for Appellant.

Paul J. Brysh (Argued) Robert L. Eberhardt Office of United States Attorney, Pittsburgh, PA, for Appellee.

BEFORE: COWEN, ROTH and LEWIS, Circuit Judges.

## OPINION OF THE COURT

LEWIS, Circuit Judge.

Petitioner Robert Stiver contests a decision by the Bureau of Prisons (the "Bureau") denying him a one-year sentence reduction because of his previous convictions for violent offenses. Under the 1994 Violent Crime Control and Law Enforcement Act, "prisoners convicted of a nonviolent offense" are eligible for a one-year sentence reduction upon successful completion of a drug treatment program. *See* 18 U.S.C. § 3621(e)(2)(B).[1] Stiver has been incarcerated since 1992 for possession of heroin with intent to distribute, a nonviolent offense. Because he has successfully completed a drug treatment program during this prison term, Stiver contends he is eligible for early release under the statute. Nonetheless, the Bureau denied him a sentence reduction pursuant to its regulation that categorically excludes inmates previously convicted of a violent crime from eligibility for early release under section 3621(e)(2)(B). *See* 28 C.F.R. § 550.58.[2] Stiver previously was convicted of robbery and aggravated assault, both of which are violent offenses.

Stiver sought a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Bureau's regulation conflicts with the enabling statute, 18 U.S.C. § 3621(e)(2)(B). He further alleged that the Bureau's regulation, 28 C.F.R. § 550.58, violates the double jeopardy and *ex post facto* clauses of the United States Constitution. The district court denied habeas corpus relief with regard to each of Stiver's claims, and this appeal followed.

The district court exercised jurisdiction pursuant to 28 U.S.C. § 2241.[3] Our jurisdiction arises under 28 U.S.C. § 1291.[4] We will affirm.

---

1. 18 U.S.C. § 3621(e)(2)(B) states
   Period of custody.—The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

2. 28 C.F.R. § 550.58 provides in relevant part:
   Except as provided in this paragraph, an inmate ... who completes a residential drug abuse treatment program including subsequent transitional services in a community-based program (i.e., in a Community Corrections Center or on home confinement) during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months. The following categories of inmates are not eligible: INS detainees, pretrial inmates, contractual boarders (for example, D.C., State, or military inmates), inmates whose current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3), inmates who have a prior conviction for homicide, forcible rape, robbery, or aggravated assault, and inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion.

3. Under 28 U.S.C. § 2241(a), "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions...."

4. "The courts of appeals ... have jurisdiction of appeals from all final decisions of the district courts of the United States...." 28 U.S.C. § 1291.

## I.

Stiver contends that 18 U.S.C. § 3621(e)(2)(B) allows the Bureau to consider only the offense for which an inmate is presently incarcerated when deciding whether to grant a sentence reduction. Thus, he argues, 28 U.S.C. § 550.58 represents an impermissible expansion of the authority Congress delegated to the Bureau. We review this question of statutory interpretation *de novo*. *See Barden v. Keohane*, 921 F.2d 476, 479 (3d Cir.1990).

When examining an agency's construction of the statute it administers, we must first inquire "whether Congress has directly spoken to the precise question at issue." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). If Congress has directly addressed the issue and the legislative intent is unambiguous, our inquiry must cease. *See id.*

The contested statute provides that [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). Despite Stiver's contention to the contrary, it is clear that section 3621(e)(2)(B) does not indicate whether "convicted of a nonviolent offense" refers to all convictions or only the most recent one, for which the inmate presently is incarcerated. Instead, its language grants the Bureau broad discretion to approve or deny a sentence reduction. In other words, section 3621(e)(2)(B) is silent on the issue of whether the Bureau may consider relevant the violent status of a prisoner's past convictions in deciding whether the prisoner is eligible for early release. When a statute expressly leaves a gap for an agency to fill with its rulemaking authority, the agency's regulations must receive "controlling weight unless they are arbitrary, capricious, or manifestly

contrary to the statute." *Chevron*, 467 U.S. at 844, 104 S.Ct. at 2782. If, as here, the gap is merely implicit, we nonetheless must uphold the agency's construction if it has chosen " 'a reasonable accommodation of conflicting policies that were committed to the agency's care by the statute....' " *Id.* at 845, 104 S.Ct. at 2782 (quoting *United States v. Shimer*, 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961)). The Bureau, in the exercise of its discretion, codified 28 C.F.R. § 550.58, expressing a policy determination that inmates who have committed certain enumerated violent offenses in the past, will not be eligible for early release.[5]

We find that the Bureau's interpretation of the statute represents a reasonable accommodation of Congress's goals of providing an incentive for inmates to obtain drug treatment while at the same time ensuring that persons likely to commit violent crimes do not receive early release. *See* H. Rep. No. 103–320, at 2 (1993) (describing purposes of statute). The Bureau, in the exercise of its discretion in administering the early release element of the residential drug abuse treatment program, has imposed an additional qualification: prisoners' non-conviction of certain enumerated past violent offenses, in addition to the requirement that the present conviction be for a non-violent offense. It was not attempting to, and has not interpreted the phrase "convicted for a violent offense" in a manner at odds with Congress's intended meaning, as Stiver suggests.

Stiver contends that this conclusion conflicts with our recent decision in *Roussos v. Menifee*, 122 F.3d 159 (3d Cir.1997). *Roussos* held that a Bureau program statement may not define the words "nonviolent offense" in section 3621(e)(2)(B) to include offenses for which a sentencing court imposes a two-level firearms enhancement. We held that since section 3621(e)(2)(B)'s unambiguous language permits consideration only of a crime's defining elements when deciding whether that crime is a violent offense, the Bureau's reliance on additional factors (*i.e.*,

---

**5.** The Bureau enumerated four such offenses: homicide, forcible rape, robbery and aggravated assault. 28 C.F.R. § 550.58. Stiver was previously convicted of robbery and aggravated assault.

the firearms enhancement) violated the statute.

■ Our holding in *Roussos* does not control this appeal. First, *Roussos* required us to interpret a different part of section 3621(e)(2)(B), addressing the significance of "nonviolent offense" rather than "convicted." More importantly, *Roussos* involved only a challenge to a Bureau program statement; Stiver, on the other hand, asks us to strike down a regulation. As we noted in *Koray v. Sizer*, 21 F.3d 558, 562 (3d Cir.1994), *rev'd on other grounds sub nom. Reno v. Koray*, 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995), program statements are entitled to considerably less deference than published regulations because program statements are "merely internal agency guidelines [that] may be altered by the Bureau at will." *See also Roussos*, 122 F.3d at 163 (noting that program statements receive only "some deference," rather than the greater deference accorded regulations under *Chevron*). By contrast, the regulation at issue here underwent extensive public notice and comment before it was adopted and can only be altered by the Board after an equally elaborate process. *See Jacks v. Crabtree*, 114 F.3d 983, 984, 985 n. 1 (9th Cir.1997). Moreover, our decision in *Roussos* rested in part on the fact that the contested program statement conflicted not only with section 3621(e)(2)(B), but with the Bureau's own regulations as well. *Roussos*, 122 F.3d at 163 ("[T]he [Bureau] converted a nonviolent crime into a violent one by means of a Program Statement that is inconsistent with the language of the statute, and its own regulations."). Thus *Roussos* is inapposite to the issues presented in this appeal.

## II.

■ Stiver also contends that applying the Bureau regulation to his case violates the *ex post facto* clause of the United States Constitution. This argument is without merit. We have held that two conditions must be met for a law to be *ex post facto*. "First, the law must be retrospective, that is, it must apply to events occurring before its enactment. Second, the change in the law must alter the definition of criminal conduct or increase the penalty by which a crime is punishable." *United States v. Dozier*, 119 F.3d 239, 241 (3d Cir.1997) (citations omitted). Stiver suffers no disadvantage as a result of the regulation. His sentence began in 1992, before section 3621(e)(2)(B) was enacted. At that time he could not have been eligible for a one-year sentence reduction for completing a substance abuse program, because the enabling statute did not yet exist. Today, under 28 C.F.R. § 550.58, he is still ineligible for the sentence reduction. The fact that he arguably was eligible for early release during the brief period between the enactment of section 3621(e)(2)(B) and the Bureau's adoption of 28 C.F.R. § 550.58 is irrelevant.

■ The purpose of the prohibition against *ex post facto* laws is to assure that legislative acts "give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed." *Weaver*, 450 U.S. at 28–29, 101 S.Ct. at 963–964. "Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." *Weaver*, 450 U.S. at 31, 101 S.Ct. at 965. In Stiver's case there can be no violation of the *ex post facto* clause because the legal consequences of his crime of heroin possession were the same when he committed it as they are today.

## III.

■ We must also reject Stiver's argument that 28 C.F.R. § 550.58 violates the Fifth Amendment's double jeopardy clause. The double jeopardy clause "protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). Stiver invokes the last of these protections in challenging the regulation. This argument is misguided. Stiver's ineligibility for early release under 28 C.F.R.

§ 550.58 does not subject him to multiple punishments for a single offense, because, as noted above, his sentence has not increased beyond that originally imposed.

For the foregoing reasons, we will affirm the district court's decision in its entirety.