Robert TREGLIA, Reg. No.
10860–014, Petitioner,

v.

Art BEELER, Warden FCI
Fort Dix, Respondent.

No. CIV. A. 98–2693.

United States District Court,
D. New Jersey.

July 22, 1999.

Robert Treglia, Bronx, NY, Petitioner Pro Se.

Faith S. Hochberg, United States Attorney By Dorothy J. Donnelly, Assistant United States Attorney, Trenton, NJ, for Respondent.

## OPINION

SIMANDLE, District Judge:

To foster rehabilitation of nonviolent offenders with a history of drug abuse, Congress has provided that a federal prisoner "convicted of a nonviolent offense" who successfully completes an intensive drug treatment program shall be eligible to have his sentence reduced by up to one year. *See* 18 U.S.C. § 3621(e)(2)(B).[1] The petitioner in this case, Robert Treglia, who is serving a term of imprisonment for a nonviolent drug-trafficking offense,[2] successfully completed the 500 hour Residential Drug Abuse Program ("RDAP") administered by the Federal Bureau of Prisons ("BOP") on August 28, 1998, but was nonetheless categorically denied consideration for early release under § 3621(e)(2)(B) because his sentence had been enhanced under U.S.S.G. 2D1.1 for possession of a firearm. At issue in this case, which arises under 28 U.S.C. § 2241, is whether the BOP may, by regulation and policy statement, place Treglia's nonviolent offense into a category that disqualifies him from consideration for early release under § 3621(e)(2)(B) based on the fact that his sentence was enhanced because a weapon was found in his vehicle at the time of his arrest on the drug trafficking charge.

This matter is before the court on respondent's motion, pursuant to Local Civil Rule 7.1(g), for reconsideration of the court's March 23, 1999 Opinion and Order denying Treglia's petition for habeas corpus, but remanding the matter to the BOP for an individualized determination of whether Treglia should be granted a sentence reduction under § 3621(e)(2)(B). In the alternative, respondent moves for a stay of that ruling pending appeal, pursuant to Federal Rule of Civil Procedure 62(c) and Federal Rule of Appellate Procedure 8(a)(1).

Although the court denied Treglia's petition, the court found that the BOP had improperly deemed Treglia ineligible for consideration for a sentence reduction under § 3621(e)(2)(B) on the basis of facts other than those that formed the basis for the elements of the offenses for which Treglia had been convicted, in violation of the holding of the U.S. Court of Appeals for the Third Circuit in *Roussos v. Menifee*, 122 F.3d 159 (3d Cir.1997). The court also found that Treglia has established his threshold eligibility for a sentence reduction under § 3621(e)(2)(B) because he is serving a term of confinement for a nonviolent drug trafficking offense and he has successfully completed the RDAP, consistent with the statute. Accordingly, the court remanded the matter to the BOP for consideration of whether Treglia, as a person statutorily eligible for a sentence reduction under § 3621(e)(2)(b), should actually be granted a sentence reduction—a determination left to the discretion of the BOP.

---

1. "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B).

2. Treglia is serving a sentence of 110 months imprisonment, to be followed by five years supervised release, imposed by the U.S. District Court for the District of Connecticut on January 21, 1993, upon his conviction for distribution and possession with intent to distribute cocaine and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Treglia's sentence was enhanced under U.S.S.G. 2D1.1 because a loaded .25 caliber semi-automatic pistol was found in his car at the time of his arrest. Until he was recently placed in a halfway house to serve the final six months of his sentence, Treglia was incarcerated at FCI Fort Dix. Treglia's projected release date is December 31, 1999.

The BOP seeks reconsideration of these findings, arguing that the court "overlooked" the BOP's revision of the program statement held to be offensive in *Roussos* and its reliance on the revised program statement to deny Treglia's eligibility for a sentence reduction under § 3621(e)(2)(B) as an exercise of discretion. In the alternative, the BOP seeks a stay of the court's March 23, 1999 ruling pending appeal. For the reasons set forth below, the court denies the BOP's motion in its entirety.

## DISCUSSION

### A. The BOP's Motion for Reconsideration

■ A motion for reargument (a/k/a a motion for reconsideration) under Local Civil Rule 7.1(g) will be granted only when "dispositive factual matters or controlling decisions of law" were presented to the court but not considered. *McGarry v. Resolution Trust Corp.*, 909 F.Supp. 241, 244 (D.N.J.1995) (citing *Pelham v. United States*, 661 F.Supp. 1063, 1065 (D.N.J. 1987)). "The standard of review involved in a motion for reargument is quite high, and therefore relief under this rule is granted very sparingly." *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J.1994) (citing *Maldonado v. Lucca*, 636 F.Supp. 621, 630 (D.N.J.1986)).

■ In the present case, the BOP contends that the court overlooked the BOP's revision of the program statement held to be offensive in *Roussos* and its reliance on the revised program statement to deny Treglia's eligibility for a sentence reduction under § 3621(e)(2)(B) as an exercise of discretion in reaching its decision on March 23, 1999.

The court did not overlook the BOP's revision of the program statement held to be offensive in *Roussos* or the BOP's reliance on the revised program statement in denying Treglia's eligibility for a sentence reduction under § 3621(e)(2)(B). On the contrary, the court acknowledged the adoption of Program Statement 5162.04 (October 9, 1997), but found that the new program statement does not remedy the problem identified by the Third Circuit in *Roussos* because it renders prisoners categorically ineligible for a sentence reduction under § 3621(e)(2)(B) who meet the statute's threshold criteria for eligibility. *See Treglia v. Beeler*, slip op. at 8–11 (D.N.J. March 23, 1999). The court also acknowledged the BOP's reliance on Program Statement 5162.04 in denying Treglia's eligibility for a sentence reduction under § 3621(e)(2)(B). *See id.* at 3–5.

The court recognizes that § 3621(e)(2)(B) does not compel the BOP to grant a sentence reduction to any prisoner. The statute merely permits, but does not require, the BOP to grant a sentence reduction of up to one year to a prisoner "convicted of non-violent offense" who successfully completes the RDAP. By implication, the statute also forbids the BOP from granting a sentence reduction to a prisoner convicted of a violent offense who successfully complete the RDAP. It is the statute, not the BOP, that defines eligibility. Under the statute, every prisoner who (1) was convicted of a non-violent offense and who (2) successfully completes the RDAP is eligible for a sentence reduction. The BOP may not declare statutorily eligible prisoners to be categorically ineligible for sentence reductions based on sentence enhancements or any other factor, but must proceed to make an individualized determination with respect to each eligible prisoner whether a sentence reduction should be granted in his or her particular case. The BOP may consider sentence enhancements or other indicators of a particular prisoner's proclivity for violence that would justify a decision to deny a sentence reduction in making these individualized determinations as an exercise of discretion, but the BOP may not combine the threshold determination of statutory eligibility for a sentence reduction and individualized discretionary determination of

whether to grant a sentence reduction into a single analysis.

In this regard, the court agrees with the analysis of the Honorable Robert C. Chambers in his dissent in the recent case of *Pelissero v. Thompson,* 170 F.3d 442 (4th Cir.1999):

> BOP officials may deny or limit sentence reductions to individual inmates convicted of nonviolent offenses based on such factors as sentence enhancements and firearm possession. But this does not change the fact that such inmates are statutorily eligible for sentence reductions, and are thus statutorily entitled to an individualized determination by the BOP. The Bureau may impose reasonable restrictions or limitations on any sentence reduction based upon the particular prisoner's propensity to violence, even for those inmates whose eligibility is not at issue. Even so, I do not believe the BOP may categorically exclude such inmates without offending the statute's plain language and settled law. For these reasons, I would join in the reasoned judgment of seven of our sister circuits, as well as a recent panel of this court, and find that the BOP exceeded its statutory authority in categorically excluding inmates from sentence reductions based upon sentencing factors and firearm possession convictions.

(*Id.* at 449)(Chambers, J., dissenting); *see also Williams v. Clark,* 52 F.Supp.2d 1145 (C.D.Cal.1999)(declaring prisoner who had successfully completed RDAP eligible for early release under § 3621(e)(2)(B) and directing BOP to decide whether to grant sentence reduction); *Guido v. Booker,* 37 F.Supp.2d 1289 (D.Kan.1999)(same); *Kilpatrick v. Houston,* 36 F.Supp.2d 1328 (N.D.Fla.1999)(same); *Hicks v. Brooks,* 28 F.Supp.2d 1268 (D.Colo.1998); *Gavis v. Crabtree,* 28 F.Supp.2d 1264 (D.Or. 1998)(same).

In the present case, upon review of the record evidence, the court was left with the firm impression that the BOP improperly determined that Treglia was categorically ineligible for a sentence reduction under § 3621(e)(2)(B) based on his sentence enhancement for possession of a firearm during a drug trafficking offense, in violation of *Roussos.* The court found that, instead of making a threshold determination of Treglia's statutory eligibility for a sentence reduction followed by an individualized determination of whether Treglia should be granted a sentence reduction as an exercise of discretion, the BOP improperly reduced these separate and distinct inquiries into a single analysis of Treglia's "eligibility" for a sentence reduction.

■ The source of this mischief is the amended version of 28 C.F.R. § 550.58, which identifies categories of inmates who are deemed "not *eligible* for early release" as an exercise of the BOP's discretion. *See* 28 C.F.R. § 550.58(a)(1). Similarly, the various forms utilized to advise Treglia of the BOP's determinations regarding his application for a sentence reduction under § 3621(e)(2)(B) refer to his "eligibility" for a sentence reduction under Program Statement 5162.04. *See* Wills Decl. Exhibits H–N. As noted in *Roussos,* however, this court owes no deference to administrative interpretations or regulations that are based upon an impermissible construction of a statute. *Roussos,* 122 F.3d at 163–64 (citing *Fowler v. United States Parole Comm'n,* 94 F.3d 835, 841 (3d Cir.1996)); *see also Williams,* 52 F.Supp.2d at 1147 (finding that amended 28 C.F.R. § 550.58(a)(1)(vi)(B) and Program Statement 5162.04 conflict with § 3621(e)(2)(B) and are invalid to the extent they permit consideration of sentence enhancements in determination that prisoner has not been "convicted of a nonviolent offense"); *Guido,* 37 F.Supp.2d at 1300–02 (finding amended 28 C.F.R. § 550.58 and Program Statement 5.62.04 to be in conflict with § 3621(e)(2)(B)); *Kilpatrick,* 36 F.Supp.2d at 1329–30 (same); *Hicks,* 28 F.Supp.2d at 1272–73 (same); *Gavis,* 28 F.Supp.2d at 1267 (same). Where Congress has deter-

mined that persons who were convicted of a nonviolent offense and who have successfully completed the demanding RDAP are eligible for consideration for early release, the BOP is not free to promulgate a regulation contrary to the statute's grant of threshold eligibility. The BOP's regulation is defective because it categorically excludes Treglia from the opportunity for consideration for early release, despite his conviction of a nonviolent offense and his successful completion of the RDAP.

This court's ruling on Treglia's petition for writ of habeas corpus was intended to ensure that the BOP carries out its functions under § 3621(e)(2)(B) in a manner consistent with, but not beyond, the authority vested in it by Congress. Nothing the BOP has said in this motion for reconsideration has changed the court's initial impression that the BOP overstepped that authority when it determined that Treglia was categorically ineligible for a sentence reduction under § 3621(e)(2)(B) based on his sentence enhancement for possession of a firearm during a drug trafficking offense, which is a nonviolent offense. Accordingly, the court denies the BOP's motion for reconsideration of its March 23, 1999 Opinion and Order.

### B. *The BOP's Motion for a Stay Pending Appeal*

■ The BOP also has moved to stay the court's March 23, 1999 Opinion and Order pending appeal. Such a motion is addressed to the sound discretion of the trial court. *Thomas v. Philadelphia Housing Auth.,* 875 F.Supp. 272, 273 (E.D.Pa.1995). In exercising its discretion, the court must consider: (1) the likelihood that the movant will succeed on the merits of its appeal; (2) whether the movant will suffer irreparable harm if the stay is not granted; (3) whether third parties will be harmed by a stay; and (4) whether a stay will serve the public interest. *Id.*

■ At the outset, the court questions whether the BOP has a right to appeal the court's March 23, 1999 Opinion and Order.

It is well-settled that "a party has no right to appeal from a favorable judgment." *Dalle Tezze v. Director, Office of Workers' Compensation Programs,* 814 F.2d 129, 133 (3d Cir.1987)(citing *Public Serv. Comm'n v. Brashear Freight Lines, Inc.,* 306 U.S. 204, 59 S.Ct. 480, 83 L.Ed. 608 (1939)). There can be no doubt that the court's March 23, 1999 Opinion and Order *denying* Treglia's petition was favorable to the BOP, despite the court's finding that the BOP improperly denied Treglia's eligibility for a sentence reduction under § 3621(e)(2)(B) and its remand for a determination of whether Treglia should be granted a sentence reduction under that statute.

In any event, for the reasons discussed in connection with the BOP's motion for reconsideration, the court finds that the BOP has not established likelihood of success on the merits on appeal or that it will suffer irreparable injury in the absence of a stay. Having found that Treglia is statutorily eligible for a sentence reduction under § 3621(e)(2)(B) because he had (1) been convicted of a nonviolent offense and (2) successfully completed the RDAP, the court remanded the matter to the BOP for an individualized determination of whether Treglia should actually be granted a sentence reduction, emphasizing that "[e]ligibility is not entitlement" and that the BOP could consider " 'any rational, non-invidious criteria' " in making this determination. *Treglia v. Beeler,* No. 98–2693, slip op. at 13 (D.N.J. March 23, 1999)(quoting *Bush v. Pitzer,* 133 F.3d 455, 457–58 (7th Cir.1997)). Treglia's interest in a final determination of his application for a sentence reduction under § 3621(e)(2)(B) outweighs the BOP's interest in delaying that determination pending appeal of the court's March 23, 1999 Opinion and Order in light of the fact that Treglia is already well into the final twelve months of his sentence. Finally, the court does not comprehend how delaying the final determination of Treglia's application for a sentence

reduction under § 3621(e)(2)(B) pending appeal would serve the public interest.

Accordingly, the court denies the BOP's motion to stay the court's March 23, 1999 Opinion and Order pending appeal. The court will require the BOP to complete its determination of Treglia's application for early release within fifteen (15) days of today's date. This fifteen-day grace period will enable the BOP to give rational, individualized consideration to Treglia's application while alleviating the necessity for seeking an immediate stay in the event an appeal is filed within that period.[3]

## CONCLUSION

For the reasons discussed above, the court denies the BOP's motion for reconsideration of the court's March 23, 1999 Opinion and Order denying Treglia's petition for writ of habeas corpus and the BOP's motion to stay that ruling pending appeal. The accompanying Order is entered.

## ORDER

THIS MATTER having come before the court respondent's motion, pursuant to Local Civil Rule 7.1(g), for reconsideration of the court's March 23, 1999 Opinion and Order denying petitioner Robert Treglia's petition for writ of habeas corpus under 28 U.S.C. § 2241, and for a stay of that ruling pending appeal, pursuant to Federal Rule of Civil Procedure 62(c) and Federal Rule of Appellate Procedure 8(a)(1), and the court having considered the submissions of the parties, and for the reasons set forth in the accompanying Opinion;

IT IS on this day of July, 1999, hereby ORDERED that respondent's motion for reconsideration is DENIED; and

IT IS FURTHER ORDERED that the Federal Bureau of Prisons shall, within fifteen (15) days of today's date, consider and determine Treglia's application for

3. Moreover, if the BOP reconsiders and denies Treglia's application for early release on permissible grounds after individualized de-

early release under 18 U.S.C. § 3621(e)(2)(B) consistent with the accompanying Opinion and the court's Opinion and Order of March 23, 1999; and

IT IS FURTHER ORDERED that respondent's motion for a stay pending appeal is DENIED.

termination, the necessity of any such appeal by respondent would appear remote.