Gary T. MAGNIN, Petitioner,

v.

Art BEELER, Warden, Respondent.

No. CIV.A.98–5842.

United States District Court,
D. New Jersey.

Aug. 25, 2000.

Gary T. Magnin, Philadelphia, PA, pro se.

Robert J. Cleary, United States Attorney, J. Andrew Ruymann, Assistant United States Attorney, Trenton, NJ, for Respondent, Art Beeler, Warden, F.C.I. Fort Dix.

## OPINION

ORLOFSKY, District Judge.

In this petition filed by a federal prisoner for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, I must decide whether in

determining an inmate's eligibility for a period of early release under the Residential Drug Abuse Program ("RDAP"), codified at 18 U.S.C. § 3621(e)(2)(B),[1] the Bureau of Prisons ("BOP") may consider qualifications in addition to those enumerated in the statute. On December 28, 1998, *pro se* Petitioner Gary T. Magnin ("Magnin") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, contending that the BOP's governing regulation and internal Program Statement, which permit the consideration of elements other than the offense itself in determining an inmate's eligibility for a sentence reduction, are contrary to the plain language of the statute and congressional intent. For the reasons set forth below, I shall deny the petition for a writ of habeas corpus because I find that in seeking to add additional qualifications to the statutory requirements for early release eligibility, the BOP validly exercised its authority in promulgating the amended regulation, 28 C.F.R. § 550.58, and adopting Program Statement, P.S. 5162.04.

## I. BACKGROUND

On February 27, 1995, Gary T. Magnin ("Magnin") pled guilty to and was convicted of conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and unlawful use of a communication facility, in violation of 21 U.S.C. § 843. *See* Pet'r Mem. of Law at 2; Pet'r Ex. 1; Gov't Answer, Ex. B (Presentence Investigation Report). At sentencing, Magnin received a two-level enhancement pursuant to section 2D1.1(b)(1) of the United States Sentencing Guideline, based upon the recovery of a semi-automatic weapon from his home during the execution of a search warrant. *See* Pet'r Br. at 3; Gov't Answer, Ex. B. Magnin was sentenced to a prison term of sixty months, followed by a four-year term of supervised release. *See* Pet'r Br. at 2; Pet'r Ex. 1; Gov't Answer, Ex. A (Public Information Inmate Data Sheet).

■ While incarcerated in the federal correctional institution at Fort Dix, New Jersey, Magnin was deemed eligible and participated in the Residential Drug Abuse Program ("RDAP"), as provided for in 18 U.S.C. § 3621(e). *See* Pet'r Br. at 3; Gov't Answer, Ex. C. Although he was eligible for participation in the program, he was informed that he was ineligible for the early-release incentive under 18 U.S.C. § 3621(e)(2)(B) because of his particular sentence enhancement. *See, e.g.*, Pet'r Ex. 2 ("Notification of Instant Offense") (dated May 12, 1998)(finding Magnin ineligible for the commission of a "Crime listed under the Director's Discretion as contained in the Categorization of Offenses Program Statement"); Gov't Answer Ex. D. After exhausting his administrative remedies, *see* Pet'r Exs.; Gov't Exs. E, F, G, Magnin filed this petition for a writ of habeas corpus contending that the BOP exceeded its statutory authority by categorically excluding from eligibility those inmates convicted of a nonviolent offense who received a sentence enhancement for the use or possession of a firearm.[2] After he filed his

---

1. 18 U.S.C. § 3621 provides, in relevant part:

    The period a prisoner convicted of a *nonviolent offense* remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

    *Id.* at § 3621(e)(2)(B)(emphasis added).

2. While he does not so assert in his moving papers, it is possible that Magnin also alleges that the actions of the BOP violated his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution. *See* Traverse at 1–2 ("Finally, respondent argues that ... I have a liberty interest in the reduction of [my] sentence ... I have a liberty interest in my *freedom* ")(emphasis in original); *see also* Gov't Answer at 18–19. Construing the petition liberally to find that Magnin does in fact raise the due process argument, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), I find no merit to his claim. In *Paydon v. Hawk*, 960 F.Supp. 867 (D.N.J.1997)(Orlofsky, J.), this Court held that a petitioner has no liberty interest in a reduction in his sentence un-

petition, Magnin was released from Fort Dix and currently is serving a four-year term of supervised release.[3]

## II. THE HISTORY OF 18 U.S.C. § 3621(E)

In passing the Violent Crime Control and Law Enforcement Act of 1994, Congress provided that the BOP "shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To provide an incentive for prisoners to participate in such substance abuse programs, Congress conferred upon the BOP discretion to grant qualifying participants a sentence reduction of up to one year. *See id.* at § 3621(e)(2)(B). According to the statute, only prisoners convicted of a "nonviolent offense" who successfully complete the program are entitled to consideration for a sentence reduction:

> The period a prisoner convicted of a *nonviolent offense* remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B)(emphasis added).

Shortly after the passage of the Act, the BOP promulgated regulations in an effort

to define the term "nonviolent offense." In doing so, the BOP referenced the term "crime of violence" as set forth in the criminal code:

> [a]n inmate who completes a residential drug abuse treatment program during his or her current commitment may be eligible for early release by a period not to exceed 12 months, ... unless the inmate's current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3)....

28 C.F.R. § 550.58 (1995) (as amended); *see also Roussos v. Menifee,* 122 F.3d 159, 160 (3d Cir.1997). Section 924(c)(3) of Title 18 of the United States Code defines "crime of violence" as:

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The BOP also issued a Program Statement, P.S. 5162.02, which provided that a conviction under 21 U.S.C. § 841 or § 846 would be deemed a "crime of violence" if the sentencing court

---

der 18 U.S.C. § 3621(e)(2)(B) because "the statute merely authorizes a reduction in sentence, and in no way mandates it." *Id.* at 871. This Court explained that the statute does not require early release; rather, early release is entirely within the BOP's discretion. *See id.; see also Sandin v. Conner,* 515 U.S. 472, 484–86, 115 S.Ct. 2293, 2300–301, 132 L.Ed.2d 418 (1995)(holding that a liberty interest is implicated only where the action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment"); *Kentucky Dept. of Corrections v. Thompson,* 490 U.S. 454, 463, 109 S.Ct. 1904, 1910, 104 L.Ed.2d 506 (1989)(holding that a liberty interest arises only where a statute or regulation uses "explicitly mandatory language" that instructs the decisionmaker to reach a specific result if certain criteria are met). Considering that

Magnin raises the same argument that was rejected in *Paydon,* I find no merit to Magnin's due process claim.

**3.** Contrary to the argument of the Government, Magnin's release from prison does not moot his petition. *See* Letter from J. Andrew Ruymann, Esq., Assistant United States Attorney, to The Honorable Stephen M. Orlofsky at 1 (rec'd Aug. 17, 2000). Had Magnin's term of imprisonment been reduced by one year, pursuant to 18 U.S.C. § 3621(e)(2)(B), his period of supervised release would have begun one year earlier. Consequently, if the BOP determines that Magnin should have received the one-year sentence reduction, he will be entitled to a one-year reduction in the term of his supervised release. *See Sesler v. Pitzer,* 110 F.3d 569, 571 (8th Cir.1997); *Santos v. Beeler,* 40 F.Supp.2d 566, 569 n. 5 (D.N.J.1999)(Orlofsky, J.).

enhanced the defendant's sentence for possession of a weapon during the commission of the offense because "'possession of a dangerous weapon during commission of a drug offense poses a substantial risk that force may be used against persons or property.'" *Roussos,* 122 F.3d at 161 (quoting P.S. 5162.02).

In *Roussos v. Menifee,* 122 F.3d 159 (3d Cir.1997), the United States Court of Appeals for the Third Circuit held that, based on the plain language of the statute, the BOP could not rely upon sentencing enhancements to deny a prisoner eligibility for the sentence reduction. *See id.* at 164. The Court found that the Program Statement, P.S. 5162.02, was inconsistent with the clear language of the statute and therefore it was entitled to no deference. *See id.* Specifically, the Third Circuit held:

> By ignoring the offense of conviction and looking only to sentencing factors, the BOP has attempted to transmogrify a "nonviolent offense" into a "crime of violence." In other words, the BOP converted a nonviolent crime into a violent one by means of a Program Statement that is inconsistent with the language of the statute, and its own regulations. More specifically, under the rationale of [the Ninth Circuit case of] *Downey [v. Crabtree,* 100 F.3d 662 (9th Cir.1996)], we find the BOP's interpretation of a nonviolent offense in the Program Statement to be in conflict with both 18 U.S.C. § 3621(e)(2)(B) and 28 C.F.R. § 550.58 and therefore erroneous.

*Id.* at 163. In short, the *Roussos* court found that "the BOP cannot rely upon [an inmate's] sentencing enhancement to deny him eligibility for the sentence reduction." *Id.* at 164 (emphasis added). Like the Third Circuit's decision in *Roussos,* many other Courts of Appeal have held that the BOP exceeded its authority in excluding from early-release eligibility those inmates convicted of a nonviolent offense who received a sentence enhancement for the use of or possession of a firearm. *See Orr v.*

*Hawk,* 156 F.3d 651 (6th Cir.1998), *as amended by,* 172 F.3d 411 (6th Cir.1999); *Fristoe v. Thompson,* 144 F.3d 627 (10th Cir.1998); *Byrd v. Hasty,* 142 F.3d 1395 (11th Cir.1998); *Martin v. Gerlinski,* 133 F.3d 1076 (8th Cir.1998); *Bush v. Pitzer,* 133 F.3d 455 (7th Cir.1997); *Downey v. Crabtree,* 100 F.3d 662 (9th Cir.1996); *see also LaSorsa v. Spears,* 2 F.Supp.2d 550 (S.D.N.Y.1998); *but see Pelissero v. Thompson,* 170 F.3d 442 (4th Cir.1999)(holding that BOP reasonably decided convictions involving firearms were not "nonviolent offenses"); *Venegas v. Henman,* 126 F.3d 760 (5th Cir.1997).

In response, the BOP revised the governing regulation and accompanying Program Statement. While the BOP eliminated all references to § 924(c)(3)'s definition of "crime of violence" in the amended version of the governing regulation and Program Statement, the agency set forth additional eligibility criteria to maintain the same categorical exclusion. Specifically, the BOP amended the regulation to provide that inmates convicted of a nonviolent offense may be eligible for early release, in accordance with the "additional early release criteria" set forth by the BOP, "[a]s an exercise of [its] discretion." 28 C.F.R. § 550.58. The relevant portions of the amended regulation are as follows:

> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment *may be eligible, in accordance with paragraph (a) of this section, for early release* by a period not to exceed 12 months.
>
> (a) *Additional early release criteria.* (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are *not eligible* for early release:

. . . .

(vi) Inmates whose current offense is a felony:

(A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or

(B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or

(C) That by its nature or conduct presents a serious potential risk of physical force against the person or property of another, or

(D) That by its nature or conduct involves sexual abuse offenses committed upon children.

28 C.F.R § 550.58 (1999)(emphasis added).

Similarly, the accompanying Program Statement, P.S. 5162.04, provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." P.S. 5162.04 at § 2. After enumerating various offenses considered by the Director to be "crimes of violence," P.S. 5162.04 then interprets 28 C.F.R. § 550.58(a)(1)(vi) and lists additional qualifications that, in the Director's discretion, an inmate would need to be eligible for early release. See P.S. 5162.04 at § 7. Among these additional qualifications, for example, is a requirement that an inmate convicted of the nonviolent offense of drug manufacturing not receive a sentence enhancement for possession of a firearm under U.S.S.G. § 2D1.1. See id. In justifying the categorical exclusion of an inmate who has received such an enhancement, the BOP provides that:

This particular "Specific Offense Characteristic" (possession of a dangerous weapon during the commission of a drug offense) poses a serious potential risk that force may be used against persons or property. Specifically, as noted in the U.S. Sentencing Guidelines § 2D1.1, application note 3, the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. Accordingly, an inmate who was convicted of manufacturing drugs, (21 U.S.C. § 841) and received a two-level enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits.

Id. at § 7.

In sum, the result of the amended regulation and Program Statement is that inmates who have been convicted of a nonviolent offense but who received sentence enhancements because of the involvement of a firearm are "not eligible" for early release under 18 U.S.C. § 3621(e)(2)(B). Instead of basing this categorical exclusion on an interpretation of "nonviolent offense," the BOP now defends the amended regulation and Program Statement as a permissible exercise of its discretion.

## III. DISCUSSION

Magnin asserts that under the reasoning of Roussos and the plain language of the statute, 18 U.S.C. § 3621(e)(2)(B), the BOP is permitted to consider only the offense for which he was incarcerated when determining whether to grant a sentence reduction. He argues that P.S. 5162.04 and the revised 28 C.F.R. § 550.58(a)(1999), which together allow the consideration of sentencing enhancements to determine a prisoner's eligibility for early release, represent an impermissible expansion of the authority Congress delegated to the BOP. The Government, on the other hand, contends that the BOP possesses the discretion to create certain categorical exclusions from early-release eligibility and, in any event, the amended regulation and Program Statement, which no longer solely rely on the "crime of violence" definition contained in 18 U.S.C. § 924, "remedied the deficiency identified in Roussos." Gov't Answer at 15.

The United States Supreme Court has granted certiorari and will ultimately decide the question of whether the BOP acted within its authority in adopting regulations under which inmates convicted of a nonviolent offense but who received a sentence enhancement for possession of a firearm are ineligible for the early-release incentive. *See Lopez v. Davis,* ——— U.S. ———, 120 S.Ct. 1717, 146 L.Ed.2d 640 (2000). In the meantime, this Court must determine whether the BOP acted within its authority. Based upon the reasoning of the Third Circuit in *Roussos* and *Stiver v. Meko,* 130 F.3d 574 (3d Cir.1997), I shall join those courts that hold that the amended regulation and Program Statement, P.S. § 5162.04, are permissible exercises of the BOP's authority. Simply stated, I find that the BOP may look to sentencing factors as an additional qualification in determining whether an inmate is eligible for early release.

■ "When examining an agency's construction of the statute it administers, we must first inquire 'whether Congress has directly spoken to the precise question at issue.'" *Stiver v. Meko,* 130 F.3d 574, 577 (3d Cir.1997)(quoting *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984)). If Congress has addressed the issue and the legislative intent is unambiguous, this Court's inquiry must cease. *See id.* If, however, the statute is silent or ambiguous with respect to the specific issue, this Court must determine whether the agency's response is based on a permissible construction of the statute. *See Chevron,* 467 U.S. at 843, 104 S.Ct. at 2782. That is, "[i]f Congress has explicitly left a gap for an agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation. Such agency regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 843–44, 104 S.Ct. 2778. Accordingly, no deference is due an ad-

ministrative regulation based upon an impermissible construction of the statute. *See National R.R. Passenger Corp. v. Boston & Maine Corp.,* 503 U.S. 407, 417, 112 S.Ct. 1394, 1401, 118 L.Ed.2d 52 (1992); *see also Fowler v. United States Parole Comm'n,* 94 F.3d 835, 841 (3d Cir. 1996).

■ Agency "Program Statements," on the other hand, are only accorded "some deference." *Roussos v. Menifee,* 122 F.3d 159, 163 (3d Cir.1997)(citing *Koray v. Sizer,* 21 F.3d 558, 562 (3d Cir.1994), *rev'd on other grounds sub nom., Reno v. Koray,* 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995)(holding that agency program statements are entitled to less deference because they are not promulgated under the Administrative Procedure Act and are "merely internal guidelines [that] may be altered by the Bureau at will")).

As noted above, federal courts which have considered this issue have disagreed about whether the amended regulation and Program Statement are entitled to deference as permissible interpretations of 18 U.S.C. § 3621(e)(2)(B). For example, in *Ward v. Booker,* 202 F.3d 1249 (10th Cir. 2000), the United States Court of Appeals for the Tenth Circuit held that the BOP exceeded its statutory authority by disregarding the statutory eligibility requirements and categorically excluding from early release those prisoners convicted of nonviolent offenses whose sentences were enhanced because of firearms. *See id.* at 1257. In so holding, the Tenth Circuit held that the revised regulation and Program Statement conflict with the clear language of the statute and that it found relevant the reasoning set forth in its earlier opinion striking down the old regulation and Program Statement as an impermissible interpretation of 18 U.S.C. § 3621(e)(2)(B). *See id.; see also Samples v. Scibana,* 74 F.Supp.2d 702, 708 (E.D.Mich.1999)(holding that the BOP cannot categorically exclude from consideration for early release under § 3621(e)(2)(B) inmates convicted of a non-

violent offense who received sentence enhancement for possession of a firearm); *Treglia v. Beeler,* Civil Action No. 98–2693 (D.N.J. filed March 23, 1999)(same), *motion for reconsideration denied,* 82 F.Supp.2d 297, (D.N.J.1999)(Simandle, J.); *Kilpatrick v. Houston,* 36 F.Supp.2d 1328, 1330 (N.D.Fla.1999)(same), *aff'd,* 197 F.3d 1134 (11th Cir.1999), *petition for cert. filed,* 69 U.S.L.W. 3001, —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d —— (U.S. June 14, 2000)(No. 99–2008).

Other courts have found that the amended regulation and Program Statement are an appropriate exercise of the BOP's discretion. In *Bellis v. Davis,* 186 F.3d 1092 (8th Cir.1999), *cert. granted sub nom., Lopez v. Davis,* —— U.S. ——, 120 S.Ct. 1717, 146 L.Ed.2d 640 (2000), the United States Court of Appeals for the Eighth Circuit recognized the broad discretion vested in the BOP under 18 U.S.C. § 3621(e)(2) and that "Congress expected the BOP to make early-release determinations 'based on criteria to be established and uniformly applied.'" *Id.* at 1094–95 (quoting H.R.Rep. No. 103–320, 1993 WL 537335 (Nov. 3, 1993)). The Court deferred to the BOP's construction of the statute, finding that the statute did not mandate that the BOP make individual, rather than categorical assessments of eligibility. *Id.* at 1095. It found the BOP's decision to exclude the "additional categories of inmates from eligibility" to be appropriate since "[u]nder the plain language of this statute, '[c]ommission of a "nonviolent offense" makes a prisoner eligible for consideration but does not . . . grant the boon he seeks. Eligibility is not entitlement.'" *Id.* at 1094–95 (quoting *Bush v. Pitzer,* 133 F.3d 455, 457 (7th Cir.1997)).

The Eighth Circuit distinguished its previous decision striking down the old version of the regulation, *Martin v. Gerlinski,* 133 F.3d 1076 (8th Cir.1998), noting that:

> In striking down an earlier set of regulations that attempted to interpret the statutory term "nonviolent offense," we held that the BOP must look to the offense of conviction, not to sentencing factors, in determining whether an offender was convicted of a "nonviolent offense" and thus eligible under the statute for the early-release incentive. We did not, however, address the question at issue in this appeal, namely, whether the BOP may, *as an exercise of its discretion* . . . look to sentencing factors in deciding which individuals among statutorily eligible inmates are appropriate candidates for early release. *Martin* is therefore of no relevance to the present case.

*Id.* at 1095 (emphasis added); *see also Bowen v. Hood,* 202 F.3d 1211, 1220 (9th Cir.2000)(upholding regulation and Program Statement as permissible interpretation of statute); *Harrison v. Lamanna,* No. 4:99CV2901, 2000 WL 381950, at \*4 (N.D.Ohio April 14, 2000)(same); *Riley v. Morris,* Civil Action No. 98–4438 (D.N.J. filed April 23, 1999)(Irenas, J.).

This Court is bound to follow not only the holding but also the reasoning set forth by the Third Circuit. *See Planned Parenthood v. Casey,* 947 F.2d 682, 692 (3d Cir.1991)("[o]ur system of precedent or *stare decisis* is . . . based on adherence to both the reasoning and result of a case, and not simply result alone"), *aff'd in part and rev'd in part on other grounds,* 505 U.S. 833, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992); *accord Piazza v. Major League Baseball,* 831 F.Supp. 420, 437 (E.D.Pa. 1993). In that vein, this Court must examine the two Third Circuit cases relevant to this determination: *Roussos v. Menifee,* 122 F.3d 159 (3d Cir.1997) and *Stiver v. Meko,* 130 F.3d 574 (3d Cir.1997).[4]

---

4. This Court acknowledges but does not feel constrained by a third case discussing 18 U.S.C. § 3621(e)(2)(B), *Royce v. Hahn,* 151 F.3d 116 (3d Cir.1998). In *Royce,* the Third Circuit determined that a conviction for possession of a firearm by a convicted felon is not a "crime of violence" within the scope of 18 U.S.C. § 4042(b), a statute requiring the BOP to notify local law enforcement officials prior to the release of an inmate convicted of a

As set forth above, in *Roussos,* 122 F.3d 159 (3d Cir.1997), the Third Circuit analyzed the BOP's Program Statement P.S. 5162.02 and found that in defining the statutory term "nonviolent offense," "the BOP cannot rely upon [an inmate's] sentencing enhancement to deny him *eligibility* for the sentence reduction." *Id.* at 164 (emphasis added). This holding was eroded, however, in part, in *Stiver v. Meko,* 130 F.3d 574 (3d Cir.1997).

In *Stiver,* the petitioner, who was denied early-release eligibility because he previously was convicted of robbery and aggravated assault, challenged the original regulation. *See Stiver,* 130 F.3d at 576. At that time, the regulation provided that an inmate was not eligible for early release if the inmate fell into a category of "inmates who have a prior conviction for homicide, forcible rape, robbery, or aggravated assault...." *See id.* at 576 n. 2.[5] Analyzing the statutory word "convicted," the *Stiver* panel concluded:

> We find that the Bureau's interpretation of the statute represents a reasonable accommodation of Congress's goals of providing an incentive for inmates to obtain drug treatment while at the same time ensuring that persons likely to commit violent crimes do not receive

early release. *See* H. Rep. No. 103–320, at 2 (1993)(describing purposes of statute). The Bureau, *in the exercise of its discretion* in administering the early release element of the residential drug abuse treatment program, *has imposed an additional qualification: prisoners' non-conviction of certain enumerated past violent offenses, in addition to the requirement that the present conviction be for a non-violent offense.* It was not attempting to, and has not interpreted the phrase "convicted for a violent offense" in a manner at odds with Congress's intended meaning....

*Id.* at 577.

The *Stiver* court found *Roussos* inapposite to the issues before it. Specifically, the court limited the *Roussos* holding to the definition of "nonviolent offense," finding that:

> *Roussos* held that a Bureau program statement may not define the words "nonviolent offense" in section 3621(e)(2)(B) to include offenses for which a sentencing court imposes a two-level firearms enhancement. We held that since section 3621(e)(2)(B)'s unambiguous language permits consideration only of a crime's defining elements when

crime of violence. *See id.* at 124. In so holding, the *Royce* court examined the cases analyzing the original BOP regulation under 18 U.S.C. § 3621(e)(2)(B), which the court described as "now mostly of historical interest." *Id.* at 121.

Quite simply, I find that one anomalous sentence, which is indisputably dicta, in no way frees this Court from the reasoning set forth by the *Roussos* and *Stiver* courts. In fact, the Royce court found it necessary to discuss the two opinions, and to distinguish its facts from those contained in *Stiver.* Accordingly, I find that this Court is constrained, for reasons of *stare decisis,* the reasoning elucidated in *Roussos* and *Stiver.*

5. The regulation, before amendment, provided, in pertinent part:

> Except as provided in this paragraph, an inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subdivision D, and who completes a residential drug abuse

treatment program including subsequent transitional services in a community-based program (i.e., in a Community Corrections Center or on home confinement) during his or her current commitment *may be eligible,* in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months. *The following categories of inmates are not eligible:* INS detainees, pretrial inmates, contractual boarders (for example, D.C., State, or military inmates), inmates whose current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3), inmates who have a prior conviction for homicide, forcible rape, robbery, or aggravated assault, and inmates who are not eligible for participation in a community-based program as determined by the Warden on the basis of his or her professional discretion.

28 C.F.R. § 550.58 (1996)(as amended)(emphasis added).

deciding whether that crime is a violent offense, the Bureau's reliance on additional factors (i.e., the firearms enhancement) violated the statute.

*Id.* at 577–78. In short, the *Stiver* court held that it was a valid exercise of the BOP's discretion to use additional, discretionary considerations to deny *eligibility* for early release and implicitly that the BOP may, as an exercise of its discretion, categorically deny from eligibility early release to certain inmates.

■ Quite clearly, then, the holding in *Roussos* is limited to the definition of a statutory term: the BOP cannot rely upon a sentencing enhancement to deny an inmate eligibility under one of the threshold requirements of 18 U.S.C. § 3621(e)(2)(B), namely in the definition of "nonviolent offense." The BOP can, however, under the reasoning of *Stiver*, rely upon a sentencing enhancement to deny an inmate *eligibility* if, in the exercise of its discretion, it imposes additional qualifications upon the inmate for such eligibility. Accordingly, this Court's inquiry is whether, in categorically excluding from eligibility those inmates convicted of a nonviolent offense but who received sentence enhancements due to the involvement of a firearm, the BOP sought to define the term "nonviolent offense," which would violate the reasoning in *Roussos*, or whether it sought to impose an additional qualification on an inmate's eligibility for early release, which would be permissible under *Stiver*.[6]

As set forth above, the regulation, 28 C.F.R. § 550.58, provides, in relevant part:

An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for *a nonviolent offense,* and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment *may be eligible, in accordance with paragraph (a) of this section,* for early release by a period not to exceed 12 months.

(a) *Additional early release criteria.* (1) *As an exercise of the discretion* vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are *not eligible* for early release:

. . . .

(vi) Inmates whose current offense is a felony:

. . .

(B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device) . . . .

*Id.*

I conclude that despite the clear label of "Additional early release criteria," the question of whether the BOP is attempting to impose an eligibility qualification in addition to the commission of a "nonviolent offense," or to define the statutory term "nonviolent offense," is a close one. I am persuaded, however, that the BOP made a reasonable effort to impose an additional qualification, in accordance with *Stiver.* Accordingly, I find that the regulation's categorical exclusion from eligibility for early release, based upon an

---

6. In narrowing the scope of the inquiry before this Court, I respectfully part ways with my colleague, Judge Simandle, who held in *Treglia v. Beeler,* Civil Action No. 98–2693 (D.N.J. filed March 23, 1999), *motion for reconsideration denied,* 82 F.Supp.2d 297 (D.N.J.1999), that *Roussos* alone controlled this issue. In *Treglia,* Judge Simandle held that "[u]nder the amended version of 28 C.F.R. § 550.58 and Program Statement 5162.04, the BOP continues to do precisely what the *Roussos* court held it could not do—consider facts other than those that form the basis for the elements of the offense for which the prisoner was convicted in determining categorical eligibility for a sentence reduction under § 3621(e)(2)(B)." *Id.,* slip opinion at 11. While I agree that if the amended regulation and P.S. 5162.04 sought to define the statutory term "nonviolent offense" *Roussos* would control, it is my view that the reasoning in *Stiver,* a case that Judge Simandle did not cite or consider in his opinion, is also controlling in this case.

inmate's sentencing enhancement for carrying, possessing, or using a firearm or other dangerous weapon in connection with a nonviolent offense, is permissible. Since the regulation was a reasonable interpretation of the statute under the reasoning of *Stiver*, I shall afford it great deference under *Chevron* and find it an appropriate exercise of the BOP's authority under 18 U.S.C. § 3621(e)(2)(B).

As an interpretation of 28 C.F.R. § 550.58(a)(1)(vi), I similarly find that P.S. 5162.04 also is a permissible exercise of the BOP's discretion. The Program Statement at no point purports to define "nonviolent offense;" rather, it sets forth entirely separate bases for eligibility. Acknowledging that "congress expected the BOP to make early-release determinations 'based on criteria to be established and uniformly applied ...,'" H.R.Rep. No. 103–320, 1993 WL 537335 (Nov. 3, 1993)(*quoted in Bellis v. Davis*, 186 F.3d 1092, 1094–95 (8th Cir.1999)), I find that P.S. 5162.04 is a permissible expression of those criteria. For that reason, I find that P.S. 5162.04 is entitled to the deference appropriate to agency program statements.

In the end, "[c]ommission of a 'nonviolent offense' makes a prisoner eligible for consideration but does not require the Bureau to grant the boon he seeks. Eligibility is not entitlement." *Bush v. Pitzer*, 133 F.3d 455, 457 (7th Cir.1997). Under the reasoning of the Third Circuit, the BOP is permitted to make categorical exclusions so long as those exclusions are not violative of the plain language of the statute. In *Bellis v. Davis*, 186 F.3d 1092 (8th Cir.1999), the United States Court of Appeals for the Eighth Circuit similarly held:

> The BOP chose to exercise the discretion granted to it under the statute by identifying additional categories of inmates who are eligible for the early-release program because, although their offenses may be "nonviolent" within the meaning of the statute, their underlying conduct indicates that they pose a serious risk to public safety. We think that the BOP's decision to exclude these additional categories of inmates from eligibility represents a manifestly permissible construction of the statute and an appropriate exercise of the BOP's discretion.

*Id.* at 1095. I agree and find that the amended regulation and Program Statement 5162.04 set forth legitimate factors beyond the elements of the current offense and are an appropriate exercise of the BOP's discretion.

## IV. CONCLUSION

For the reasons set forth above, I shall deny Magnin's petition for a writ of habeas corpus because I find that the amended regulation, 28 C.F.R. § 550.58, and Program Statement, P.S. 5162.04, are appropriate exercises of the BOP's authority under 18 U.S.C. § 3621(e)(2)(B). The Court shall enter an appropriate order.

### ORDER

This matter having come before the Court on the petition of Gary T. Magnin, appearing *pro se*, for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, Robert J. Cleary, Esq., United States Attorney, and J. Andrew Ruymann, Esq., Assistant United States Attorney, appearing on behalf of Respondent, Art Beeler, Warden; and,

The Court having considered the submissions of the parties, for the reasons set forth in the OPINION filed concurrently with this ORDER;

IT IS, on this 25th day of August, 2000, hereby ORDERED that the petition of Gary T. Magnin, for a writ of habeas corpus, is DENIED.