

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2005

# Dontas v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1211

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Dontas v. Holt" (2005). *2005 Decisions.* Paper 1063.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1063

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-175                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1211
_____

ELEFHERIOS DONTAS,
                                                Appellant

v.

WARDEN RONALD R. HOLT

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02791)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 24, 2004

BEFORE: ALITO, McKEE and AMBRO, CIRCUIT JUDGES

(Filed :  June 6, 2005)
_____

OPINION
_____

PER CURIAM

        Appellant, Elefherios Dontas, appeals from the District Court's order denying his

petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  In his habeas

petition, Dontas challenges the calculation of his good conduct time ("GCT") by the

Bureau of Prisons ("BOP").  According to the BOP, Dontas is eligible under the

applicable statute, 18 U.S.C. § 3624(b), to earn up to 682 days of GCT with a resulting

projected release date of December 13, 2013. Dontas, however, argues that the BOP's calculation of his GCT deprives him of the amount to which he is entitled by statute (i.e., 784 days of GCT). Dontas asserts that § 3624(b) allows him to earn up to 54 days per year of the term of sentence imposed, not 54 days per year of time actually served as the BOP's calculation provides.

This Court recently issued an opinion concluding that the BOP's interpretation of § 3624(b) is reasonable, and thus entitled to deference. See O'Donald v. Johns, – F.3d –, 2005 WL 647669, *2 (3d Cir. Mar. 22, 2005)(No. 04-2990), citing Chevron, U.S.A., Inc. v. Natural Res. Def. Council, 467 U.S. 837, 844 (1984); Stiver v. Meko, 130 F.3d 574, 577 (3dCir. 1997). We concluded that "the BOP's interpretation comports with the language of the statute, effectuates the statutory design, establishes a 'fair prorating scheme,' enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning GCT for time during which they were not incarcerated." Id., citing Pacheco-Camacho v. Hood, 272 F.3d 1266, 1270-71 (9th Cir. 2001). We further rejected, as meritless, the argument raised by Dontas that the District Court should have applied the rule of lenity and resolved the statute's ambiguity in his favor.

Accordingly, because it clearly appears that no substantial question is presented by this appeal, we will summarily affirm the order of the District Court denying Dontas' petition pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6.