

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-11-2007

# Perez v. Fed Bur Prisons

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3983

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Perez v. Fed Bur Prisons" (2007). *2007 Decisions*. Paper 1319.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1319

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-154                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3983
_____

MIKE PEREZ,

Appellant

v.

FEDERAL BUREAU OF PRISONS
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-02080)
District Judge:  Honorable Robert B. Kugler
_____


Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 15, 2007

BEFORE: RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES


(Filed:  April 11, 2007)


_____


OPINION
_____

PER CURIAM

Mike Perez, a pro se prisoner who is confined at the Federal Correctional Center in Fort Dix, New Jersey, appeals from the District Court's dismissal of his complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Because this appeal does not present a substantial question, we will summarily affirm the District Court's ruling. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.[1]

In 1997, Perez was sentenced to 360 months in prison for conspiracy to distribute cocaine, distribution of cocaine, unlawful use of a telephone, money laundering, and aiding and abetting. In December 2005, the Federal Bureau of Prisons ("BOP") restricted Perez's telephone privileges to one social telephone call per week after assigning him the Serious Telephone Abuse public safety factor ("PSF"). The BOP assigned the PSF based on Perez's Pre-Sentence Report, which indicated that he was categorized as a leader/organizer of a conspiracy that utilized the telephone to further criminal activity. See Program Statement 5100.07, Ch.7, p. 6. [2] After the BOP denied Perez's requests for administrative remedy, he filed a complaint in the District of New Jersey asserting that

_____

[1] We have jurisdiction under 28 U.S.C. § 1291, and our review is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

[2] The PSF allows prison administrators to restrict telephone use in accordance with the Telephone Regulations for Inmates Program Statement, which states that telephone privileges are "a supplemental means of maintaining community and family ties . . . however . . . , inmate telephone use is subject to those limitations which the Warden determines are necessary to ensure the security or good order, including discipline, of the institution or to protect the public." Program Statement 5264.07; 28 C.F.R. § 540.100.

the BOP violated his constitutional rights by imposing the PSF and telephone restriction based on his underlying conviction and Pre-Sentence Report. Perez also asserted that the telephone restriction constitutes an additional punishment which the BOP has no authority to impose and makes it difficult for him to maintain relationships with his family and friends.

The District Court analyzed Perez's claims under the Double Jeopardy Clause of the Fifth Amendment, the Eighth Amendment, and the First Amendment, and concluded that the complaint did not state a claim for violation of his federal rights. Although we also assess Perez's complaint under the Due Process Clause, we agree with the District Court that the allegations in Perez's complaint cannot support a federal claim.

As the District Court concluded, the acts that Perez complains about do not trigger the Double Jeopardy Clause of the Fifth Amendment, which protects people from, among other things, multiple criminal punishments for the same offense. Hudson v. United States, 522 U.S. 93, 98-99 (1997). Changes in conditions of incarceration—such as alteration of an inmate's security classification and consequent loss of privileges—are not additional punishments for the original offense in part because the sentence is not being increased beyond that originally imposed. See Stiver v. Meko, 130 F.3d 574, 578-79 (3d Cir. 1997). Therefore, Perez's allegations are insufficient to maintain a claim under the Double Jeopardy Clause.

We also agree with the District Court that Perez cannot maintain a viable claim against the BOP for violating the Eighth Amendment's protection against cruel and

3

unusual punishment. "It is clear that a prisoner's claim under the eighth amendment must establish more egregious conduct than that adequate to support a common law tort." Williams v. Mussomelli, 722 F.2d 1130, 1133 (3d Cir. 1983). Accordingly, prison conditions constitute a violation of the Eighth Amendment when they "involve the wanton and unnecessary infliction of pain [or are] grossly disproportionate to the severity of the crime warranting imprisonment." Peterkin v. Jeffes, 855 F.2d 1021, 1023 (3d Cir. 1988). An altered security classification that allows limits on telephone privileges certainly does not rise to this level. See Inmates of Occoquan v. Barry, 844 F.2d 828, 836 (D.C. Cir. 1988) ("[T]he 'deprivations' that trigger Eighth Amendment scrutiny are deprivations of essential human needs," such as concern over physical safety, and deprivation of food, medical care, or sanitation.). We agree, therefore, that Perez cannot maintain a claim under the Eighth Amendment.

With respect to the First Amendment, we agree with the District Court that Perez's allegations cannot support a claim that the BOP violated his right to free speech. Prisoners "ha[ve] no right to unlimited telephone use," and reasonable restrictions on telephone privileges do not violate their First Amendment rights. See, e.g., Washington v. Reno, 35 F.3d 1093, 1099-1100 (6th Cir. 1994); Benzel v. Grammer, 869 F.2d 1105, 1108 (8th Cir. 1989); Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986). Rather, a prisoner's right to telephone access is "subject to rational limitations in the face of legitimate security interests of the penal institution." Strandberg, 791 F.2d at 747. Assigning the Serious Telephone Abuse PSF—which leads to the restriction of social

4

telephone calls to one per week—to prisoners who have a history of using the telephone to conduct criminal activity is clearly reasonable because it relates to the legitimate penological goal of public and institutional safety by decreasing the possibility that high-risk prisoners will use prison telephones to orchestrate crimes. Thus, Perez cannot succeed on a claim that the prison violated his First Amendment rights.[3]

Liberally construed, Perez's complaint includes a claim that the BOP violated his Fourteenth Amendment due process rights by assigning him the PSF. To succeed on a due process claim, Perez must demonstrate that he was deprived of a liberty interest without due process. See Bd. of Regents v. Roth, 408 U.S. 564, 569-71 (1972). The Due Process Clause does not, however, subject an inmate's treatment by prison authorities to judicial oversight as long as the degree of confinement or conditions to which the inmate is subject are within the sentence imposed and do not otherwise violate the Constitution. Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002). Because changes in security classifications and limits on telephone usage are ordinary incidents of prison confinement, Perez's allegations do not implicate a liberty interest protected by the Due Process Clause. Asquith v. Dep't of Corrections, 186 F.3d 407, 410 (3d Cir. 1999); see also Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Moreover, even if an inmate was being disciplined for an institutional infraction, the prison regulation only requires the BOP to

---

[3]    Furthermore, although Perez claims that the restriction makes it difficult for him to maintain relationships with his family and friends, the telephone limitation apparently does not affect his ability to communicate with people outside the prison through letter writing and visitation.

allow the inmate to make one telephone call per *month*. <u>See</u> 28 C.F.R. § 540.100(b). As such, limiting Perez's social telephone calls to one per *week* certainly cannot be construed to deprive Perez of a liberty interest. Accordingly, Perez cannot succeed on a claim for a violation of his due process rights.

For the reasons stated, we conclude that the District Court correctly dismissed Perez's complaint and that his appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's Order. <u>See</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.