**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-2719 and 18-2994

_____

UNITED STATES OF AMERICA

v.

DEVON E. SANDERS,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:16-cr-00513-001)
District Court Judge: Honorable Lawrence F. Stengel

_____

Argued: September 24, 2019
_____

Before: McKEE, AMBRO, and ROTH, *Circuit Judges*

(Opinion filed: November 13, 2020)

Anna M. Durbin, Esq.
50 Rittenhouse Place
Ardmore, PA 19003

Peter Goldberger, Esq. **(Argued)**
50 Rittenhouse Place
Ardmore, PA 19003
        *Counsel for Appellant*

Alison D. Kehner, Esq. **(Argued)**
Office of United States Attorney

615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

Michelle Rotella, Esq.
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
     *Counsel for Appellee*

_____

OPINION[*]
_____

McKEE, *Circuit Judge*.

Appellant Devon Sanders pled guilty to receipt of child pornography in violation of 18 U.S.C. § 2242(a)(2) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Sanders presents three issues on appeal: (1) that his receipt and possession charges should have merged for sentencing; (2) that the district court erred when it found that probation was not available under 18 U.S.C. § 2252(a)(2), the receiving child pornography statute; and (3) that the district court abused its discretion by failing to disaggregate Sanders' harm from the harm caused by the original acts of child

_____

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

2

abuse when it ordered him to pay $91,049 in restitution.[1] For the following reasons, we will affirm the district court.[2]

The appellant correctly contends that the doctrine of merger is rooted in protections against the same conduct receiving multiple punishments, which the Double Jeopardy Clause prohibits.[3] In *United States v. Finley*, we reiterated the rule that for "multiple punishments to constitute a double jeopardy violation, the multiple charged offenses must be the same in law *and* in fact."[4] Whether the offenses are the same in law requires a court to consider if the statutory provision creates multiple offenses or one offense provable in alternative ways.[5] We expressly held in *United States v. Miller* that possession of child pornography is a lesser-included offense of receiving the pornographic material.[6] Conversely, whether two charged offenses are the same in fact requires the court to consider if the underlying conduct violates the statute more than

---

[1] On Sanders' first claim, we review whether the two counts of his indictment merged for purposes of sentencing *de novo* as it presents a pure question of statutory construction and constitutional law. *United States v. Kennedy*, 682 F.3d 244, 255 n.8 (3d Cir. 2012). On Sanders' second claim, that probation is an available sentence under 18 U.S.C. § 2252(b)(1), we review this statutory interpretation issue *de novo*. *See, e.g., Stiver v. Meko*, 130 F.3d 574 (3d Cir. 1997). On Sanders' final claim, we review the district court's restitution order for abuse of discretion. *United States v. Quillen*, 335 F.3d 219, 221 (3d Cir. 2003).

[2] The district court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction over this appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 to review the sentence and restitution order. *See, e.g., United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006); *United States v. Stock*, 728 F.3d 287, 291 (3d Cir. 2013).

[3] Sanders Br. at 2 (framing the issue as whether "the district court [should] have granted defendant Sanders's motion to merge Counts One and Two, because they charged the "same offense" under the Double Jeopardy Clause").

[4] 726 F.3d 483, 495 (3d Cir. 2013) (emphasis in original).

[5] *Id.* (citing *United States v. Rigas*, 605 F.3d 194, 207 (3d Cir. 2010) (en banc)).

[6] 527 F.3d 54, 71 (3d Cir. 2008) (citing *Ball v. United States*, 470 U.S. 856 (1985)).

once or only a single time.[7] Here, Sanders' receipt count was based on three images, and the possession count covered thousands of images found later for which the government could not charge receipt. Therefore, the district court correctly declined to merge the charges for sentencing.

We need not reach the second issue of whether the district court erred when it found that probation was not an available sentence under 18 U.S.C. § 2252(a)(2) as the court clearly stated that it did not think that a probationary sentence was appropriate here. **App 201.**

Finally, Sanders claims that the district court did not appropriately disaggregate the harm that he caused to the victims from the harm caused by others in the distribution chain, such as the producers and distributors of the images. In *United States v. Paroline*, the Supreme Court laid out the considerations necessary to determine restitution awards in child pornography cases.[8] The court stated: "At a general level of abstraction, a court must assess as best it can from available evidence the significance of the individual defendant's conduct in light of the broader causal process that produced the victim's losses."[9] It noted that "[t]his cannot be a precise mathematical inquiry and involves the use of discretion and sound judgment."[10] It then listed "a variety of factors district courts *might* consider in determining a proper amount of restitution," noting that "it is neither

---

[7] *Finley*, 726 F.3d at 495 (citing *Rigas*, 605 F.3d at 212).
[8] 572 U.S. 434 (2014).
[9] *Id.* at 459 (considering how courts should appropriately determine restitution awards under the statute).
[10] *Id.*

necessary nor appropriate to prescribe a precise algorithm for determining the proper restitution amount at this point in the law's development."[11]  It warned that "[t]hese factors need not be converted into a rigid formula. . . . They should rather serve as rough guideposts for determining an amount that fits the offense."[12]

The district court explicitly considered all of the *Paroline* factors, including the factor of "whether the defendant had any connection to the initial production of the images." The Court of Appeals for the Eighth Circuit has noted that this factor accounts for disaggregation of the harm caused by the initial abuse from the harm of later possession.[13] To the extent *Paroline* can be read to require a district court make specific findings on disaggregation of the original harm from the harm caused by possession, the district court explicitly reduced the award based on that factor. **App**. **31**. Thus, the district court did not abuse its discretion in setting the award here.

Accordingly, for the reasons stated above, we will affirm the judgment of sentence.

---

[11] *Id*. at 459–60.

[12] *Id*. at 460.

[13] *United States v. Bordman,* 895 F.3d 1048, 1058 (8th Cir. 2018), *cert. denied*, 139 S. Ct. 1618 (2019) (noting that *Paroline* accounted for disaggregation in the factor that asked "whether the defendant had any connection to the initial production of the images").